## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors.<br>_____<br><br>ALAMEDA RESEARCH LLC, ALAMEDA RESEARCH LTD., FTX TRADING LTD., WEST REALM SHIRES, INC., AND WEST REALM SHIRES SERVICES INC. (D/B/A FTX.US),<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLAN JOSEPH BANKMAN AND BARBARA FRIED,<br><br>    Defendant. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. 23-50584 (JTD) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN CONFIDENTIAL INFORMATION IN THE COMPLAINT UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" or the "<u>FTX Group</u>") hereby submit this motion (this "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9018-

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain information contained in the *Complaint* (the "Complaint"), filed contemporaneously herewith,  and (b) granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

### Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      Contemporaneously herewith, certain of the Debtors filed the Complaint against Defendants Allan Joseph Bankman and Barbara Fried (collectively, the "Defendants") for various causes of action for fraudulent transfers, breaches of fiduciary duty, aiding and abetting

breach of fiduciary duty, unjust enrichment knowing assistance or knowing receipt, and other wrongdoing, and to avoid and recover fraudulent transfers.

4.      Prior to the Petition Date, certain members of the FTX Group entered into confidential settlement and release agreements (collectively, the "Settlement Agreements" and each a "Settlement Agreement") with certain whistleblowers in an orchestrated scheme to pay off individuals that threatened to expose damaging information regarding the FTX Group enterprise.

5.      On March 8, 2023, the Court entered the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order"), authorizing parties to produce information on a confidential or highly confidential basis.

6.      The Complaint contains references to certain information relating to the negotiation and final terms of the Settlement Agreements and that is designated confidential pursuant to the Settlement Agreements, and to certain information relating to discovery material that has been designated as confidential or highly confidential and therefore subject to the Protective Order (collectively, the "Confidential Information").

7.      In connection with the ongoing litigation in the above-captioned adversary proceeding (the "Adversary Proceeding"), the Debtors anticipate filing additional documents that also may contain references to the Confidential Information.  As such, the Debtors seek authority to file the Confidential Information under seal in the Complaint and any future documents filed in the Adversary Proceeding that contain references to the Confidential Information.  The Debtors will provide counsel to the Defendants with an unredacted version of the Complaint on a highly confidential basis.

## Jurisdiction

8.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

9.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Complaint under seal and (b) granting related relief.

## Basis for Relief

10.     A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm.  In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court

> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information, (2) to protect
> any entity against scandalous or defamatory matter contained in any
> paper filed in a case under the Code, or (3) to protect governmental
> matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

11.     The Debtors respectfully submit that the Confidential Information in the

Complaint that they seek to seal pursuant to this Motion is subject to confidentiality obligations

agreed to by the pre-petition Debtors.  While the Debtors continue to evaluate the Debtors' ongoing

obligations under the relevant agreements and take appropriate action, the Confidential

Information remains of a sensitive, confidential and proprietary nature, and thus, is confidential

commercial information as contemplated by section 107 of the Bankruptcy Code.

12.     Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure,

section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to

demonstrate "good cause."  *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion

Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).  If an interested party is requesting to seal

information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a

requesting party and has no discretion to deny the application." *Id.* at 27.  Moreover, the resulting

order should be broad, that is "any order which justice requires."  FED. R. BANKR. P. 9018; *In re

Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Courts are required to provide

such protections, "generally where open inspection may be used as a vehicle for improper

purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the

protection of confidential documents, but to other confidentiality restrictions that are warranted in

the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

13.     Here, keeping the Confidential Information regarding the terms of each's

Settlement Agreement under seal is appropriate under section 107(b) of the Bankruptcy Code.  The

pre-petition Debtors entered into a contractual obligation to keep the Confidential Information confidential under the Settlement Agreements.  Sealing of the Confidential Information thus satisfies the Debtors' contractual obligations and preserves the Debtors' non-public, confidential and commercially sensitive information.  Additionally, the Confidential Information includes information which, if disclosed, could put the Debtors' asset recovery efforts and investigations of prior wrongdoing at risk, to the detriment of all stakeholders.  Such a disclosure in a high-profile case of this nature could impact the ability of the Debtors to continue their efforts in recovering assets and prosecuting previous instances of wrongdoing.  Furthermore, the use of certain Confidential Information is subject to the procedure set forth in the Protective Order entered by the Court in the Chapter 11 Cases, and as such must be kept confidential pursuant to the order of this Court.

14.     Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Confidential Information under seal.

## CERTIFICATION OF COUNSEL

15.     Pursuant to Local Rule 9018-1(d), undersigned counsel certifies that the Confidential Information contained in the Settlement Agreement is Confidential Information of the Debtors.  As such, the Debtors have not conferred with counterparties to the Settlement Agreements related to the relief requested herein.

## Notice and No Prior Request

16.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) the Defendants.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

17.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated:  September 18, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
William A. Burck (pro hac vice)
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
williamburck@quinnemanuel.com

Sascha N. Rand (pro hac vice)
Katherine A. Lemire (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
saccharand@quinnemanuel.com
katherinelemire@quinnemanuel.com

John B. Quinn (pro hac vice)
William R. Sears (pro hac vice)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-7000
willsears@quinnemanuel.com

*Special Counsel to the Debtors*