# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| ALAMEDA RESEARCH LLC, FTX TRADING LTD., WEST REALM SHIRES, INC. and WEST REALM SHIRES SERVICES INC. (d/b/a FTX.US), | Adv. Pro. 23-50419 (JTD) |
| Plaintiffs and Counterclaims Defendants | **PARTIAL MOTION TO DISMISS** |
| v. | |
| DANIEL FRIEDBERG, | |
| Defendant, Counterclaims Plaintiff | |

**DEFENDANT'S MOTION TO (A) DISMISS PLAINTIFF'S COUNTS IX AND X PARTIALLY AND (B) DISMISS PLAINTIFFS' COUNT XI IN ITS ENTIRETY[2]**

---

[1] Due to the large number of Debtor entities, the names are omitted from the caption and a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD) under the chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

1

## INTRODUCTION

COMES NOW Defendant Daniel Friedberg ("Friedberg") by his undersigned attorneys who hereby file this *Motion to (A) Dismiss Plaintiffs' Counts IX and X Partially and (B) Dismiss Plaintiffs' Count X in its Entirety* ("Motion") in response to Plaintiffs' *Complaint* (D.I. 1) as amended by *Plaintiffs' Notice of Filing Corrected Pages of Complaint* (D.I. 5) (collectively, the "Complaint") and in support states as follows:

## RESERVATION OF RIGHTS

Under FRBP 7008 and LBR 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD), under the Chapter 11 case of the above-captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Filing this Motion does not, and is not intended to, waive Friedberg's: (a) right to contest the subject matter, personal jurisdiction, or venue of this Bankruptcy Court with respect to Friedberg; (b) right to have final orders in non-core matters entered only after *de novo* review by a United States District Court; and (c) right to have the reference withdrawn by a United States District Court in any matter subject to mandatory or discretionary withdrawal; and (d) the right to a jury trial on any and all claims and counterclaims. Accordingly, this Motion should not be construed as a waiver of either these or any other rights. Friedberg expressly reserves any and all other available rights.

Plaintiffs' Complaint was amended by Plaintiffs' Notice of Filing Corrected Pages of Complaint and, although this was out of order, Friedberg accepts the Notice of Filing (despite it being incorrectly titled as a Notice rather than an Amended Complaint) as an amendment to the

Complaint without leave of the Bankruptcy Court. Therefore, Plaintiffs have already amended their Complaint one time. Friedberg also reserves the right to amend or supplement this Motion based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiffs, and for any such amendments or supplements to this Motion to relate back to the filing of the original Motion.

## JURISDICTION AND VENUE

Under Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD), under the Chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

This Court has subject matter jurisdiction over the Plaintiffs' Complaint, in response to which Friedberg brings this Motion as a direct consequence. This Motion stems directly from and is inherently intertwined with appropriately responding to the Complaint. The operative facts underlying Plaintiffs' claims are inexorably bound up and intertwined with this Motion. Venue is proper because the operative facts underlying this Motion are inexorably bound up and intertwined with Plaintiffs' claims, and is proper under 28 U.S.C. § 1409(a). Friedberg expressly reserves any and all other rights.

## DISCUSSION

**A.     The Court Should Partially Dismiss Counts IX and X Because Plaintiffs Fail to Sufficiently Allege the Statutory Requirements**

Friedberg, pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6), hereby moves to partially dismiss Counts IX and X for fraudulent transfers with respect to the Serum cryptocurrency only, for failure to state a claim because the Plaintiffs have failed to sufficiently allege in the Complaint that the subject Serum cryptocurrency was property of the Debtor that was transferred to Friedberg.

Counts IX and Count X of the Complaint (Fraudulent Transfer Pursuant to Del. Code Ann. Tit. 6, § 1304(a)(1 & 2) and 11 U.S.C. §§ 544(b) and 550) cover a purported transfer to Friedberg of Serum cryptocurrency, as well as certain salary paid to Friedberg.  The salary is not a subject of this Motion.

These Counts are based on both bankruptcy law and Delaware state law.  Under bankruptcy law, 11 U.S.C. § 544(b) expressly limits fraudulent transfers to "an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor."  And under Delaware state law, Delaware Title 6, Chapter 13, § 1304(a) expressly limits fraudulent transfers to transfers and obligations where "the debtor made the transfer or incurred the obligation."

It is not plausibly alleged in the Complaint that the Serum cryptocurrency was transferred by the Plaintiffs or any other Debtor to Friedberg.  Instead, the Serum cryptocurrency was transferred by a *non-debtor* to Friedberg.  Thus, Plaintiffs' Counts IX and X with respect to the Serum tokens fails to state a fraudulent transfer claim sufficient to survive this Motion.

Case law is clear on this point.  Fraudulent transfer liability under both federal and state law does not attach to either (i) transfers made by non-debtors or (ii) indirect transfers made by

4

debtors. *Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*, 879 F.3d 79, 85 (3d Cir. Del. 2018) (applying Delaware fraudulent transfer law and holding a transfer by a non-debtor cannot constitute a fraudulent transfer); *Miller v. Matco Electric Corp. (In re Newstarcom Holdings Inc.)* 816 Fed. Appx. 675, 678 (3d Cir. 2020) (interpreting federal bankruptcy and Delaware fraudulent transfer law identically and holding fraudulent transfer liability "does not attach to a transfer by a *non-debtor*.") (emphasis in original); *Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)*, 64 B.R. 467, 559–560 (Bankr. D. Del. 2022) (holding neither Delaware nor federal bankruptcy fraudulent transfer liability attaches to transfers by non-debtors); *see also Meller v. Black Diamond Cap Management, L.L.C., (In re Bayou Steel Bd holdings, L.L.C.)*, 642 B.R. 371, 392 n.117 (Bankr. D. Del. 2022) ("The [Delaware] state law and Bankruptcy Code fraudulent transfer statutes are materially indistinguishable.").

Here, on Friedberg's request, Plaintiffs' counsel provided the subject transfer instrument to Friedberg which is the Subscription Agreement.[3] According to this document provided by Plaintiffs' counsel, Friedberg was transferred the Serum cryptocurrency directly from the Serum Foundation—the Serum Foundation was the *original issuer* of the Serum cryptocurrency. The Serum Foundation is neither a debtor in the underlying above-captioned bankruptcy nor a Plaintiff in the above-captioned adversary proceeding.[4]

The Complaint never alleges that the Serum cryptocurrency was property of the Debtor as required by the statutes and case law. Instead, paragraphs 163 and 173 of the Complaint state "the FTX Group caused Friedberg to be granted" the property; and paragraphs 164 and 174 of the Complaint state that the "Serum tokens was the opportunity of the Plaintiffs" and "[t]herefore that

---

[3] A copy of the Serum Subscription Agreement that Plaintiffs' counsel provided to Friedberg through an informal information exchange is attached hereto as Exhibit A.
[4] *See* List of Debtors in Bankruptcy Proceeding, Case No. 22-11068 (JTD); *see also* Complaint in adversary proceeding Case No. 23-50419 (JTD).

opportunity was property of the Plaintiffs and the transfer of Serum tokens to Friedberg was a transfer of the Property of Plaintiffs." The foregoing paragraphs in the Complaint insufficiently allege that the Serum tokens were property of the Debtors transferred to Friedberg as required for a plausible fraudulent transfer claim. The Serum tokens were never the property of Debtors, but they were instead transferred directly to Friedberg by the *original issuer* of the tokens—The Serum Foundation—who is squarely neither a Plaintiff in the instant adversary proceeding nor a debtor in the above-captioned bankruptcy proceeding.

Since the Complaint does not plausibly allege that the Serum cryptocurrency was property of the Debtors transferred to Friedberg as the statutes and case law require, Counts IX and X of the Complaint with respect to the Serum cryptocurrency tokens should be dismissed.

B.     **The Court Should Dismiss Plaintiffs' Count XI Because It Fails to State a Claim as a Matter of Law**

Moreover, the Court should dismiss Plaintiffs' Count XI as a matter of law. Plaintiffs contend that because Friedberg received avoidable transfers under 11 U.S.C. §§ 544 and 548, and Plaintiffs can recover that property under 11 U.S.C. § 550, the Court must disallow any of Friedberg's claims under 11 U.S.C. § 502(d).[5] Stated otherwise, relying on section 502(d), Plaintiffs contend Friedberg cannot raise any claims against Plaintiffs until he relinquishes the property he acquired from the allegedly avoidable transfers. But the instant procedural posture's prematurity suspends the application of 11 U.S.C. § 502(d) to Friedberg's claims.

Though Plaintiffs point to section 502(d), they do so only partially and omit a vital portion. In pertinent part, 11 U.S.C. § 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title . . . or that is a transferee of a transfer avoidable under section . . . 544 [or] 548 . . . of this title . . . unless such entity or transferee has paid the amount, or

---

[5] *See* Compl. at 38–29.

6

>turned over any such property, *for which such entity or transferee is liable* under section . . . 550 . . . of this title.[6]

If a debtor wishes to avail itself of section 502(d)'s benefits and disallow a claim, the debtor first must procure a judicial determination finding liability on the allegedly avoidable transfers. *In re Lids Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) (citing *Petitioning Creditors of Melon Produce v. Braunstein*, 112 F.3d 1232 (1st Cir. 1997) ("the key phrase in this inquiry is 'the amount . . . for which such entity of transferee *is liable*'") (internal quotations omitted) (emphasis added).

Obtaining a judicial determination of liability on the alleged avoidable transfers is a prerequisite to maintaining a section 502(d) claim—merely commencing an adversary proceeding alleging avoidable transfers is not enough to satisfy that requirement and precludes 502(d)'s application. *See In re Pennysaver USA Publ'g, LLC*, 587 B.R. 445, 468 (Bankr. D. Del. 2018) (dismissing a 502(d) claim because the trustee failed to first obtain a judicial determination on the avoidable transfer claims); *In re BMT-NW Acquisition, LLC*, 582 B.R. 847, 866–867 (Bankr. D. Del. 2018) (dismissing a 502(d) claim because a 502(d) cause of action "does not exist until the resolution of the alleged" avoidable transfers, and the trustee failed to fulfill the prerequisite of judicially determined liability on the avoidable transfer claims); *In re AgFeed USA, LLC*, 2015 Bankr. LEXIS 1403, at 11 (Bankr. D. Del. Mar. 11, 2015) (refusing to disallow a claim under section 502(d) because the "mere allegation" of avoidable transfers without a judicial determination of liability thereon is insufficient to disallow claims); *In re Ultimate Acquisition Partners, LP*, 2012 Bankr. LEXIS 1905, at *8–9 (Bankr. D. Del. May 1, 2012) (finding no basis for section 502(d)'s application because the trustee did not first obtain a judicial determination of avoidable transfer liability); *In re Lids Corp.*, 260 B.R. 680 at 684 (noting that the debtor's

---

[6] (emphasis added).

7

confidence it will succeed on alleged avoidable transfer claims is "immaterial" and section 502(d) is inapplicable until the debtor receives a judgment of liability).

Here, the Plaintiffs have failed to satisfy section 502(d)'s threshold requirement. Plaintiffs have merely commenced the adversary proceeding and have only alleged avoidable transfers. Plaintiffs have not first obtained a judicial determination of liability against Friedberg for those alleged avoidable transfers. And those mere allegations at the commencement stage of the adversary proceeding, no matter Plaintiffs' confidence of success, are insufficient to satisfy section 502(d)'s threshold requirement of first obtaining a judicial determination of liability. Thus, Plaintiffs have failed to fulfill the prerequisite to maintaining a section 502(d) claim. Consequently, Plaintiffs' Count XI for Disallowance of Claims under 11 U.S.C. § 502(d) has failed to plead, on its face, a plausible claim for relief—it fails as a matter of law. The Court should therefore dismiss Plaintiffs' Count XI in its entirety.

## PRAYER FOR RELIEF

WHEREFORE, Friedberg's Motion prays this Court grant the following relief:

A. That this Court dismiss with prejudice Counts IX and X of the Complaint with respect to the Serum cryptocurrency tokens;

B. That this Court dismiss with prejudice Count XI in its entirety;

C. That Friedberg be awarded his attorneys' fees and costs, including, but not limited to, the fees, costs, and expenses in connection with the preparation and filing of this Motion; and

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 20, 2023  
Wilmington, Delaware

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Rafael X. Zahralddin-Aravena  
Rafael X. Zahralddin-Aravena (No. 4166)

8

500 Delaware Ave, Suite 700
Wilmington, Delaware 19801
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
E-mail: Rafael.Zahralddin@lewisbrisbois.com

-and-

Francis G.X. Pileggi (No. 2624)
500 Delaware Ave, Suite 700
Wilmington, Delaware 19801
Telephone: (302) 985-6002
Facsimile: (302) 985-0407
E-mail: Francis.Pileggi@lewisbrisbois.com

-and-

Sean Shecter (*pro hac vice* to be filed)
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 939-3364
Facsimile: (954) 728-1282
E-mail: Sean.Shecter@lewisbrisbois.com

-and-

Sarah Adam (*pro hac vice* to be filed)
77 water Street, Suite 2100
New York, NY 10005
Telephone: (646) 450-7896
Facsimile: (212) 232-1399
Email: Sarah.Adam@lewisbrisbois.com